74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NEW YORK MARINE & GENERAL INSURANCE COMPANY, Plaintiff,
Counter-Defendant and Appellee,
v.
SPECIALTY RESTAURANTS CORPORATION, and Oakland Village
Corporation, Defendants, Counter-Claimants, and Appellants
 No. 94-55636.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1995.
Decided Jan. 19, 1996.
 
 Before: SCHROEDER, FERGUSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 New York Marine and General Insurance Company ("NYM") brought suit against Specialty Restaurants Corporation ("Specialty") seeking a declaratory judgment that NYM had no duty to defend or indemnify Specialty in an underlying lawsuit. Specialty counterclaimed against NYM, alleging that NYM was obligated to reimburse Specialty for claims paid by them to third parties. Specialty now appeals: 1) the district court's grant of partial summary judgment for New York Marine on the grounds that Specialty's Self-Insured Retention Policy ("SIR") applied to all types of coverage; and 2) the district court's ruling that New York Marine had no duty to reimburse Specialty for funds paid by them to third parties.
 
 
 3
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). This court reviews de novo principles of contract interpretation as applied to the facts. Aetna Casualty & Sur. Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991). The determination of whether contract language is ambiguous is a question of law. Carpenters Pension Trust Fund v. Underground Constr. Co., 31 F.3d 776, 778 (9th Cir.1994). Questions of law are reviewed de novo. Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 114 S.Ct. 2125 (1994). A district court's findings of fact are reviewed under the clearly erroneous standard. Fed.R.Civ.P. 52(a); Campbell, 18 F.3d at 681.
 
 I. Applicability of the SIR
 
 4
 Specialty asserts that the SIR provision of its policy unambiguously applies only to "occurrences", and not to "offenses." In contrast, NYM argues that the SIR is applicable to the entire policy issued to Specialty, including offenses. This dispute involves the interpretation of insurance contract language. Therefore, basic principles of contract interpretation are applicable.
 
 
 5
 The fundamental goal of contract interpretation is to give effect to the mutual intent of the parties. Such intent is to be inferred, if possible, solely from the written provisions of the contract. Cal.Civ.Code Secs. 1636, 1639 (West 1994); AIU Ins. Co. v. Superior Court, 799 P.2d 1253, 1264 (Cal.1990). If contract language is clear and explicit, it governs. Cal.Civ.Code Sec. 1638 (West 1994); Bank of the West v. Superior Court, 833 P.2d 545, 552 (Cal.1992); Union Oil Co. v. International Ins. Co., 44 Cal.Rptr.2d 4, 7 (Cal.Ct.App.1995).
 
 
 6
 The existence of an ambiguity is not determined by isolating phrases and considering them in the abstract. Rather, a contract provision is construed in the context of the instrument as a whole and in the circumstances of the case. Bank of the West, 833 P.2d at 552; Fibreboard Corp. v. Hartford Accident & Indem. Co., 20 Cal.Rptr.2d 376, 386 (Cal.Ct.App.1993).
 
 
 7
 As applied to the present case, these principles of contract interpretation dictate that the SIR provision at issue in Specialty's insurance policy be interpreted as applying only to occurrences. The SIR provision specifically refers to occurrences in numerous places. For example, the SIR explicitly sets the retained limit for occurrences at $250,000. However, the SIR makes no mention anywhere to offenses. Because the insurance policy elsewhere makes a distinction between occurrences and offenses,[1] the policy's failure to mention offenses in the SIR cannot be ignored. When the SIR provision is construed in the context of the policy as a whole, it is clear that its applicability is limited to occurrences. See Ranger Ins. Co. v. Bal Harbour Club, Inc., 509 So.2d 940, 943 (Fla.Dist.Ct.App.1985) (stating that coverage for claims of bodily injury would clearly be limited to claims caused by an "occurrence" because the policy at issue specifically limited such coverage to occurrences), quashed on other grounds, 549 So.2d 1005 (Fla.1989).
 
 
 8
 If NYM had intended the SIR to apply to both occurrences and offenses, it had a duty to state this in a conspicuous, plain, and clear manner in the policy. See Pepper Indus., Inc. v. Home Ins. Co., 134 Cal.Rptr. 904, 908 (Cal.Ct.App.1977) (holding that Home Insurance Company could not assert that a pollution damage policy exclusion excluded coverage for damages from fire and explosion because the policy did not state this in a clear manner).
 
 
 9
 Moreover, courts have recognized the distinction between occurrences and offenses in providing coverage under insurance policies. See Fibreboard Corp. v. Hartford Accident & Indem. Co., 20 Cal.Rptr.2d 376, 387-88 (Cal.Ct.App.1993); Ranger Ins. Co., 509 So.2d at 942.
 
 
 10
 In conclusion, Specialty is entitled to full reimbursement for the underlying lawsuit because it involved an offense to which the SIR did not apply. The district court was incorrect in granting NYM partial summary judgment on the grounds that the SIR applied to the entire insurance policy.
 
 
 11
 II. Reimbursement of Funds Paid by Specialty to Third Parties
 
 
 12
 Specialty advances two theories alleging a right to reimbursement for funds paid by them to third parties: (1) NYM must reimburse Specialty because NYM has a duty to do so according to the Premises Medical Payments provision of the policy; and (2) NYM must reimburse Specialty because Specialty was acting as NYM's agent in making the payments at issue.
 
 
 13
 No evidence was introduced at trial indicating that any of the alleged payments made by Specialty were Premises Medical Payments. In fact, the district court found that a significant number of the payments were made in settlement of liability claims and were made in conjunction with agreements to release Specialty from all liability. Such general liability claims are subject to the SIR. Therefore, Specialty is not entitled to reimbursement because the claims at issue do not exceed the $250,000 SIR deductible.
 
 
 14
 Moreover, the district court found that the evidence presented at trial did not indicate the existence of an agreement, apart from the policy, whereby Specialty would act as an agent for NYM in the payment of Premises Medical expenses.
 
 
 15
 The above findings of fact by the district court are reviewed under the clearly erroneous standard. "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.' " Concrete Pipe & Prod. v. Construction Laborers Pension Trust, --- U.S. ----, ----, 113 S.Ct. 2264, 2280 (1993); Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.), cert. granted, --- U.S. ----, 116 S.Ct. 493 (1995).
 
 
 16
 There is nothing in the record which indicates that the district court was clearly erroneous in finding that the payments made by Specialty to third parties were general liability payments, and not Premises Medical Payments. There is also nothing in the record to indicate that the district court was clearly erroneous in its factual finding that there was no agreement whereby Specialty would act as an agent for NYM. Therefore, the district court's holding that Specialty is not entitled to reimbursement for payments made to third parties should be affirmed.
 
 III. Conclusion
 
 17
 The district court's grant of partial summary judgment for New York Marine regarding the applicability of the SIR is REVERSED. The district court's judgment that New York Marine had no duty to reimburse Specialty for funds paid to third parties is AFFIRMED. Costs are awarded to Specialty Restaurants pursuant to Fed.R.App.P. 39(a).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For example, the policy explicitly treats occurrences and personal injury offenses as separate coverages on the "Declarations" page of the policy